UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In the Matter of:<br><br>NHAN CONG HUYNH<br><br><br>Debtor | Chapter 13<br><br>Case No. 20-10402-BFK |

**MOTION TO DISMISS WITH PREJUDICE,**
**NOTICE OF MOTION TO DISMISS**
**AND**
**NOTICE OF SCHEDULED HEARING ON THIS MOTION**

Thomas P. Gorman, trustee, moves pursuant to 11 U.S.C. §1307 for entry of an order dismissing this case with prejudice to refiling, and states in support thereof and as cause therefore the following:

1. This case was commenced by the filing of a Chapter 13 Petition on February 7, 2020.
2. Debtor had previously filed another Chapter 13 Petition on July 9, 2019. (Ch. 13 Case No. 19-12254-KHK, hereafter referred to as the "Prior Case"), which case was pending before this Court for a period of nine (9) days.  One week after filing that Petition Debtor filed a Motion for Voluntary Dismissal of the Prior Case, which Motion was granted by an Order of Dismissal entered July 18, 2019.
3. Based on his March 10, 2020 Section 341 Meeting testimony in this case, Debtor filed the Prior Case solely to stop a foreclosure of investment property, and he then immediately sought dismissal of the Prior Case so that he could consummate a Contract of Sale for real estate and disburse the sales proceeds without Bankruptcy Court approval or intervention.
4. Debtor did in fact sell the property in question (5738 Rolling Rd. Burke, Va. 22030) immediately after dismissal of the Prior Case, and in July, 2019 Debtor received "roughly $80,000.00 net" after payment of liens and costs of sale. (***See*** Statement of Financial Affairs, #18).
5. Debtor contends that all of those proceeds are fully expended and not recoverable and, based on that theory, has proposed a 0% Plan in this case.
6. In response to Trustee's inquiry Debtor represents that he disposed of the $80,000.00 by transferring approximately $60,000.00 to his father, who Debtor represents is now deceased, and that the remainder of the sale proceeds were

**Notice and Motion to Dismiss**
Nhan Cong Huynh, Case #20-10402-BFK

      was transferred to: a) his domestic relations law firm; and b) his ex-spouse on account of past due child support.

7. Although Debtor did not file completion Schedules in the Prior Case he did file a detailed creditor matrix listing and delineating nineteen (19) different and specific creditors. (Case #19-12245-KHK; Dkt. 1; pp. 12-13).
8. Neither Debtor's father nor his domestic relations law firm were included in that detailed listing of creditors in the Prior Case. Therefore, the transfers made to them from Debtor's post-dismissal liquidation of his real estate could not have been on account of antecedent debts, and could only have been in the nature of fraudulent conveyances.
9. In short, Debtor used the bankruptcy process to file a Petition to stop a foreclosure and then immediately sought dismissal of that case so he could liquidate property and conduct fraudulent conveyances to insiders. Having accomplished that task he now wishes to proceed in this new Chapter 13 as if that bad faith filing-and-asset-liquidation had not happened and is asking the Court to approve a Plan calling for a 0% distribution to the unsecured creditors directly harmed by Debtor's conduct.
10. In light of that history Debtor's proposal of a 0% Plan would be troubling enough, but Debtor's bad faith in this regard is compounded by the fact that he discloses at Question 32 of Schedule B filed in this case that he, along with his sister, are 50/50 heirs to his father's decedent's estate comprised of "$60,000.00 In the bank" (presumably the same $60,000.00 of sales proceeds Debtor gratuitously transferred to his father in between the two Petitions) and another parcel of real estate.
11. Debtor's 50% claim to that decedent's estate makes a 0% Plan completely inappropriate in any event. Further, even if Debtor were to renounce that inheritance a 0% Plan would not meet the liquidation test since a hypothetical Chapter 7 Trustee could avoid Debtor's fraudulent transfer to his father and recover that $60,000.00 for the benefit of unsecured creditors
12. Because of his transfers he would not be entitled to a Chapter 7 discharged pursuant to 11 U.S.C. §727(a)(2), and will be unable to meet the "good faith" requirement of 11 U.S.C. §1325(a)(3) with anything less than a 100% Plan.
13. Debtor's manipulative conduct and abusive filing history has acted to the detriment of his creditors and should not be countenanced. Trustee requests that this case be dismissed with a bar to refiling for a period of not less than two years. Alternatively, the Court could determine it to be in the best interests of creditors to convert this case to a Chapter 7 where a Trustee could pursue recovery of the pre-petition transfers and seek denial of Debtor's discharge.

      WHEREFORE, Trustee prays that this case be dismissed with prejudice to Debtor refiling any bankruptcy case for a period of not less than two years.

**Notice and Motion to Dismiss**
Nhan Cong Huynh, Case #20-10402-BFK

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before five business days prior to the hearing date, you or your attorney must:

> File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before five business days prior to the scheduled hearing. You must mail a copy to the persons listed below.

***Attend the hearing to be held on April 9, 2020 at 1:30 p.m. in Courtroom #1 on the 2nd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.*** If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

> Thomas P. Gorman
> 300 North Washington Street, Ste. 400
> Alexandria, VA 22314
>
> Clerk of the Court
> United States Bankruptcy Court
> 200 South Washington Street
> Alexandria, VA 22314

If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: __March 17, 2020_____           __/s/ Thomas P. Gorman_____
                                       Thomas P. Gorman
                                       Chapter 13 Trustee
                                       300 N. Washington Street, #400
                                       Alexandria, VA 22314
                                       (703) 836-2226
                                       VSB 26421

**Notice and Motion to Dismiss**
Nhan Cong Huynh, Case #20-10402-BFK

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of March, 2020, served via ECF to authorized users or mailed a true copy of the foregoing Motion to Dismiss, Notice of Motion and Notice of Hearing to the following parties.

| | |
|---|---|
| Nhan Cong Huynh | Nathan Fisher, Esq. |
| Chapter 13 Debtor | Attorney for Debtor |
| 2236 Greywing Street | Fisher-Sandler, LLC |
| Woodbridge, VA 22191 | 3977 Chain Bridge Rd. #2 |
| | Fairfax, VA 22030 |

                                            ___/s/ Thomas P. Gorman_____
                                            Thomas P. Gorman